# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA GOFORTH and STEPHEN, GOFORTH, | ) ) ) ) | |
| Appellants, | ) ) | |
| v. | ) ) | C.A. No. 12-92 Erie District Judge McLaughlin |
| UNITED STATES OF AMERICA DEPARTMENT OF EDUCATION, | ) ) ) | |
| Appellee. | ) | |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., J.

This matter is before the Court upon Defendant's Motion to Dismiss Appeal for Failure to File a Brief Conforming to Fed. R. Bankr. P. 8010 [Dkt. 5].

On December 23, 2010, Appellants Pamela and Stephen Goforth ("Appellants"), through counsel, commenced an adversary proceeding in the United States Bankruptcy Court for the Western District of Pennsylvania seeking to discharge approximately $102,000.00 in education loan debt on the grounds of undue hardship. See Goforth v. U.S. Dept. of Educ., 466 B.R. 328 (Bankr. W.D. Pa. 2012). On February 6, 2012, Bankruptcy Judge Thomas Agresti granted summary judgment against Appellants' after finding that the student loan debt at issue was non-dischargeable. Id. at 341.

Appellants filed the instant pro se appeal on February 28, 2012. [Dkt. 1]. On April 3, 2012, the parties were advised by this Court that, pursuant to Rule 8009 of the Bankruptcy Rules of Civil Procedure, Appellants' were required to file a brief on or

before April 18, 2012, in compliance with Rule 8010(a)(1) of the Bankruptcy Rules of

Civil Procedure.  Rule 8010(a)(1) provides that an appellant's brief shall "contain under

appropriate headings and in the order here indicated" each of the following:

> (A)  A table of contents, with page references, and a table of cases alphabetically arranged, statutes and other authorities cited, with references to the pages of the brief where they are cited.
> (B)  A statement of the basis of appellate jurisdiction.
> (C) A statement of the issues presented and the applicable standard of appellate review.
> (D) A statement of the case....
> (E) An argument....
> (F) A short conclusion stating the precise relief sought.

Bankruptcy Rule 8010(a)(1).

Since filing their Notice of Appeal, Appellants have filed numerous documents,

none of which could be construed as a Rule 8010(a)(1)-compliant brief.  Indeed, these

filings are completely irrelevant and largely undecipherable and incoherent and do not

address issues which could conceivably form the basis for any appeal of Bankruptcy

Judge Agresti's order.  For example, Appellants state:

> Goforths remind this Court they'd filed bankruptcy because they don't have the money to meet their living expenses and having difficulty meeting Gods Doctrine requirements according to the Holy, Gods laws are the Holy, in come out from Mystery Babylon don't parker with her sins so you don't receive of her plagues fill to her Adoption infidel cup double for that cup that she's filled for you.  Pamela's & Stephen's & these children of Adoption in the Day of the Lord God Great Commissions that we have been sent into for our rewards work.

See, e.g., Appellants' Supplement, Dkt. No. 4, pp. 1-3.

It is well-settled that Rule 8010 is "not only a technical or aesthetic provision, but

also has a substantive function – that of providing the other parties and the court with

some indication of which flaws in the appealed order or decision motivated the appeal."

See In the Matter of Gulph Woods Corp., 189 B.R. 320, 323 (E.D. Pa. 1995); In re: Shemonsky, 293 Fed. Appx. 110 (3rd Cir. 2008) ("We have held that Rule 8010 serves the substantive purpose of giving the District Court notice of the alleged errors in the appealed decision."). Consequently, where an appellant fails to set forth the basis for their appeal in a compliant brief, dismissal of the appeal may be appropriate. Shemonsky, 293 Fed. Appx. at 110 ("Summary action is appropriate if there is no substantial question presented in the appeal."); Gulph Woods, 189 B.R. at 323 (dismissing bankruptcy appeal for pro se appellant's failure to file a compliant brief).

After a thorough review of the filings in this action, we conclude that dismissal for failure to comply with Bankruptcy Rule of Civil Procedure 8010(a)(1) and (2) is appropriate. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PAMELA GOFORTH and STEPHEN,    )
GOFORTH,    )
    )
    )
          Appellants,    )
      v.    )    C.A. No. 12-92 Erie
    )    District Judge McLaughlin
UNITED STATES OF AMERICA    )
DEPARTMENT OF EDUCATION,    )
    )
          Appellee.    )
    )
    )

## ORDER

AND NOW, this 19th day of March, 2013, for the reasons set forth in the accompanying MEMORANDOM OPINION,

IT IS HEREBY ORDERED that this appeal is dismissed for failure to comply with Bankruptcy Rule of Civil Procedure 8010(a)(1).


IT IS SO ORDERED.


               /s/ Sean J. McLaughlin
               United States District Judge


cm: All parties of record. ____